**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **COMMERCIAL SEWING, INC.,** <br><br>　　　　　　　　　Plaintiff, <br><br> v. <br><br> **GREAT LAKES BOAT TOP, LLC** <br><br>　　　　　　　　　Defendant. | Civil Action No. _____ <br><br> **JURY DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Commercial Sewing, Inc. ("CSI" or "Plaintiff") hereby alleges for its Complaint for Declaratory Judgment against Defendant Great Lakes Boat Top, LLC ("Great Lakes" or "Defendant") on knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1.　This is an action for a declaratory judgment that CSI does not infringe any valid claim of United States Patent No. 7,987,807 ("the '807 Patent"), and for a declaratory judgment that the claims of the '807 Patent are invalid.

2.　A true and correct copy of the '807 Patent is attached hereto as Exhibit A.

## THE PARTIES

3.　Plaintiff CSI is a Connecticut corporation with its principal place of business at 65 Grant Street, Torrington, CT 06790.

4.　On information and belief, Defendant Great Lakes is a Tennessee corporation with its principal place of business at 15 Quality Circle, Vonore, Tennessee 37885.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, Title 35, United States Code 35 U.S.C. § 1, *et seq.,* and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6. This action is filed to resolve an actual and justiciable controversy between the parties hereto. Defendant's conduct has put, and continues to put, Plaintiff under a reasonable and serious apprehension of imminent suit alleging that the manufacture, use, sale, and/or offer for sale of Plaintiff's products infringe the '807 Patent. As set forth in paragraphs herein, there is a conflict of asserted rights among the parties and an actual controversy exists between Plaintiff and the Defendant with respect to the infringement, validity and scope of the '807 Patent.

7. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant regularly offers and transacts business in and throughout the State of Connecticut. Defendant has further sought to assert the '807 Patent against Plaintiff's business operations in this District by demanding Plaintiff cease sale of Plaintiff's allegedly infringing products.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400 as Defendant seeks to restrict Plaintiff's business operations, which arises from Plaintiff's manufacture, use, sale, and/or offer of sale of Plaintiff's allegedly infringing products within this District.

**ALLEGATIONS IN SUPPORT OF DECLARATORY JUDGMENT JURISDICTION**

9. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-8.

10. Through communications and conduct, Defendant has threatened assertion of the '807 Patent against Plaintiff because of Plaintiff's manufacture, use, sale, and/or offer of sale of its "Tower Anti-Pooling System" product, also known as "T.A.P.S." or "TAPS."

11. On or about August 6, 2015, Defendant sent a letter to Plaintiff alleging that Plaintiff is infringing the '807 Patent by making, using, selling, and/or offering to sell the TAPS product. The August 6, 2015 letter also demanded that Plaintiff "immediately cease further sales of the TAPS product" due to alleged infringement of the '807 Patent.

**FIRST CLAIM FOR RELIEF**

**Declaratory Judgment of Non-infringement of the '807 Patent**

12. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-11.

13. Based on the above-stated conduct, Plaintiff is informed and believes, and on that basis avers, the Defendant contends that Plaintiff's product infringes one or more claims of the '807 Patent.

14. Accordingly, an actual controversy exists between Plaintiff and the Defendant as to whether or not Plaintiff has infringed, or is infringing the '807 Patent; has contributed to infringement, or is contributing to infringement of the '807 Patent; and has induced infringement, or is inducing infringement of the '807 Patent.

15. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28

U.S.C. § 2201 *et seq.,* Plaintiff is entitled to a declaration, in the form of a judgment, that by its activities Plaintiff has not infringed and is not infringing any valid and enforceable claim of the '807 Patent; has not contributed to infringement and is not contributing to infringement of the '807 Patent; and/or has not induced infringement and is not inducing infringement of the '807 Patent. Such a determination and declaration is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF

**Declaratory Judgment of Invalidity of the '807 Patent**

16. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-15.

17. Based on the above-stated conduct, Plaintiff is informed and believes, and on that basis avers, that the Defendant contends that Plaintiff infringes one or more claims of the '807 Patent.

18. Plaintiff denies that it infringes any valid and enforceable claim of the '807 Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

19. Accordingly, an actual controversy exists between Plaintiff and the Defendant as to the validity of the '807 Patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.,* Plaintiff is entitled to a declaration, in the form of a judgment, that the '807 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CSI prays for a judgment as follows:

A. For a declaration that assertions of infringement of the '807 Patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

B. For a declaration that the claims of the '807 Patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

C. For a declaration that Plaintiff's products do not infringe any valid claim of the '807 Patent;

D. For a preliminary and permanent injunction enjoining and restraining Defendants and its respective officers, partners, employees, agents, parents, subsidiaries or anyone in privity with them, and all persons acting in concert with them and each of them:

1) from making any claims to any person or entity that any product of Plaintiff infringe the '807 Patent;

2) from interfering with, or threatening to interfere with the use of any Plaintiff's products by Plaintiff, its customers, distributors, predecessors, successors or assigns; and

3) from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of Plaintiff, its customers, distributors, predecessors, successors or assigns, to make, use or sell products which allegedly infringe the '807 Patent.

E. For an order finding this to be an exceptional case and awarding Plaintiff its reasonable attorneys' fees and costs as provided in 35 U.S.C. § 285; and

F.  For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Dated: October 23, 2015               Respectfully submitted,

/s/ Andrew C. Ryan
Andrew C. Ryan (ct21565)
E-mail: ryan@cantorcolburn.com
Nicholas A. Geiger (ct28060)
E-mail: ngeiger@cantorcolburn.com
Tasia E. Hansen (ct29498)
E-mail: thansen@cantorcolburn.com
Cantor Colburn LLP
20 Church Street, 22nd Floor
Hartford, Connecticut 06103
Telephone: (860) 286-2929
Facsimile: (860) 286-0115